IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODNEY L. WILDER**,

       **Plaintiff,**

   vs.                                    Civil Action 2:15-cv-1423
                                                    Judge Frost
**NEW ALBANY HEALTH ASSOCIATES**             Magistrate Judge King
**MSO, LLC,** *et al.*,

       **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on *Plaintiff Rodney L. Wilder's Motion for Leave to File First Amended Complaint*, ECF 13 ("*Motion to Amend*"); *Defendants' Brief in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint*, ECF 19 ("*Opposition*"); and *Plaintiff Rodney L. Wilder's Reply in Support of His Motion for Leave to File First Amended Complaint*, ECF 20 ("*Reply*"). For the reasons that follow, the *Motion to Amend* is **GRANTED**.

**I.    BACKGROUND**

Plaintiff began working for defendants as a construction labor worker in approximately August 26, 2013. *Complaint*, ECF 1, ¶ 14. Defendants, comprised of two individuals, two Ohio corporations, and an Ohio limited liability company, hired plaintiff to perform labor and construction work on defendants' real estate and personal properties within, and outside, the State of Ohio. *Id*. at ¶¶ 5-9, 20-21. Plaintiff's job duties included installing drywall, painting, installing plumbing equipment, structural improvements, electrical

improvements and troubleshooting, landscaping, general maintenance, and other labor-intensive construction work. *Id*. at ¶ 19. When plaintiff attempted to maintain his time records, defendants questioned why he was keeping track of his work hours and instructed plaintiff to stop doing so, telling him that he was a "salaried professional." *Id*. at ¶¶ 26-28. Plaintiff asked why defendants did not pay him for overtime when they required him to work more than 40 hours per week. *Id*. at ¶¶ 29-30. Plaintiff further advised defendants that he believed that he was entitled to overtime pay because his work consisted primarily of physical labor. *Id*. at ¶ 30. "Almost immediately thereafter, Defendants terminated Plaintiff" on or about August 22, 2014. *Id*. at ¶¶ 14, 31.

On April 23, 2015, plaintiff instituted this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and O.R.C. § 4111.01 *et seq*., for recovery of overtime compensation allegedly due. *See Complaint*. Plaintiff also asserts a claim of retaliation in violation of 29 U.S.C. § 215, alleging that defendants terminated his employment when he engaged in the protected activity of advising defendants that they had misclassified him and failed to give him the required overtime pay. *Id*. at ¶¶ 50-56. On June 26, 2015, defendant Richard K. Cavender, MD, Inc. ("the Company") asserted counterclaims of conversion and unjust enrichment, seeking recovery in connection with the allegedly unauthorized use of the Company credit card and van. *Defendant Richard K. Cavender, MD, Inc.'s Counterclaims Against Plaintiff*, ECF 9.

Plaintiff filed the *Motion to Amend* on July 30, 2015, seeking to add a retaliation claim based on the Company's counterclaims, which were allegedly asserted in bad faith.  Following a preliminary pretrial conference conducted pursuant to the provisions of Fed. R. Civ. P. 16(b), the Court issued an order noting that plaintiff had moved for leave to amend and directed that the motion be briefed within rule.  *Preliminary Pretrial Order*, ECF 15, p. 1.  The *Motion to Amend* is now ripe for resolution.

**II.    STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'"  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)). "To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

**III. DISCUSSION**

Plaintiff has moved for leave to amend the *Complaint* in order to add a retaliation claim based on the Company's counterclaims, which are alleged to have been asserted in bad faith. *See generally Motion to Amend*. By way of background, the anti-retaliation provision of the FLSA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). In order to establish a *prima facie* case of retaliation, an employee must prove that

> (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a

4

  causal connection between the protected activity and the adverse employment action.

*Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006) (citing *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 568 (6th Cir. 1999)).

  In the case presently before the Court, plaintiff contends that filing a baseless counterclaim that was brought for a retaliatory motive constitutes an adverse employment action. *Motion to Amend*, p. 4 (citing *Ramos v. Hoyle*, No. 08-21809, 2009 U.S. Dist. LEXIS 61062 (S.D. Fla. July 16, 2009)). Plaintiff goes on to contend that district courts in this circuit and across the country "have recognized a cause of action for retaliation when an employer brings a bad faith counterclaim against its former employee." *Id*. at 5 (collecting cases).

  Defendants, however, argue that the grant of the *Motion to Amend* would be futile because the proposed claim fails to allege factual allegations sufficient to establish the third and fourth elements of a *prima facie* FLSA retaliation claim (*i.e.*, adverse employment action and causal connection, respectively). *Opposition*, pp. 6-14. As to the third element, defendants first argue that plaintiff cites to no controlling or persuasive authority that a counterclaim can constitute an adverse employment action. *Id*. at 6-9 (distinguishing *Ramos* and plaintiff's other cited cases). Defendants also point out that, because plaintiff was no longer employed at the time that the counterclaims were asserted, the assertion of those counterclaims cannot be characterized as "an adverse *employment* action." *Id*. at 9-10

5

(citing *Adair*, 452 F.3d at 489). Defendants also contend that plaintiff cannot establish the fourth element of his *prima facie* case, (*i.e.*, a causal connection), where plaintiff bases his claim on simply the timing of the filing of the counterclaims and conclusory statements. *Id*. at 10-11 (explaining, *inter alia*, that defendants necessarily filed the counterclaims after plaintiff filed the *Complaint*). Defendants go on to argue that, even if this Court concludes that plaintiff has sufficiently alleged an adverse employment action, plaintiff cannot establish that the counterclaims are baseless, which is required to support a FLSA retaliation claim. *Id*. at 12-14. Defendants explain that defendants have submitted credit card documentation that reflect plaintiff's unauthorized credit card charges and which supports the Company's counterclaims. *Id*. at 14 (citing Exhibit A, attached thereto).

    Plaintiff concedes in reply that he is unaware of any Sixth Circuit authority that specifically answers whether filing a baseless, retaliatory claim constitutes an adverse employment action in the FLSA context, but he notes that defendants have cited to no binding Sixth Circuit authority holding that a baseless, retaliatory counterclaim does *not* constitute an adverse employment action under the FLSA. *Id*. at 2-3. Plaintiff points out that this Court, and other district courts within this circuit, "have held that a baseless and retaliatory counterclaim may constitute an adverse employment action under a Title VII retaliation claim." *Id*. at 3-4 (collecting cases and explaining further that the Sixth Circuit has applied the standard of what

6

constitutes an "adverse employment action" under a Title VII retaliation claim to FLSA retaliation claims). Plaintiff further argues that this Court has already held that retaliatory actions need not be employment related and that the filing of a counterclaim can be sufficiently adverse to constitute retaliation. *Id*. at 4 (citing *Gliatta v. Tectum Inc*., 211 F. Supp. 2d 992, 1008-09 (S.D. Ohio 2002)). Plaintiff contends that he has sufficiently established a causal connection, noting, *inter alia*, that defendant did not demand that allegedly unauthorized purchases cease or that Company property be returned prior to the filing of the *Complaint*. *Id*. at 4-5. To the extent that plaintiff's allegations conflict with defendants' assertions, plaintiff contends that the Court, at this stage, must accept his allegations as true. *Id*. at 5. Finally, plaintiff argues that defendants' proffered credit card statements simply show that defendants provided plaintiff with a credit card and that he made purchases with that card. *Id.* at 5-6. Plaintiff's proffered *First Amended Complaint* alleges that defendants authorized all of plaintiff's purchases and that the purchases were job-related. *Id*. at 6 (citing proposed *First Amended Complaint*, ¶¶ 63-66, attached to *Motion to Amend* as Exhibit A).

Plaintiff's arguments are well-taken. After considering the proposed amendment and the arguments of the parties, the Court cannot say at this stage of the proceedings that plaintiff is unable to prove any set of facts that would entitle him to relief on his proposed retaliation claim. *See* Fed. R. Civ. P. 12(b)(6); *Rose*, 203 F.3d at

420. Where the proposed amendment is plausible on its face and where there exist substantial arguments on whether or not plaintiff will ultimately prevail on the new claim, the amendment should be permitted. *See*, *e.g.*, *Lauren v. PNC Bank, N.A.*, No. 2:14-cv-0230, 2014 U.S. Dist. LEXIS 64945, at *9 (S.D. Ohio May 12, 2014) ("At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."). Whether or not plaintiff will ultimately prevail on his claims is not before the Court at this juncture and is better left for resolution at a later stage of the proceedings.

Under all these circumstances, the Court concludes that its discretion is better exercised by granting the *Motion to Amend.*

**WHEREUPON**, *Plaintiff Rodney L. Wilder's Motion for Leave to File First Amended Complaint*, ECF 13, is **GRANTED**. The Clerk is **DIRECTED** to file the *First Amended Complaint*, which is attached as Exhibit A to plaintiff's motion.

September 8, 2015      *s/Norah McCann King*
                              Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge